**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roderik Cosio,<br><br>    Plaintiff,<br><br>v.<br><br>AFNI Incorporated, et al.,<br><br>    Defendants. | No. CV-19-05230-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant AFNI Inc.'s ("AFNI") motion to dismiss for failure to state a claim, which is fully briefed. (Docs. 13, 16, 27.) For the following reasons, the Court will grant AFNI's motion.

**I. Background**

Plaintiff owed $159.87 to CenturyLink. (Doc. 13-1.) On February 12, 2019, AFNI, a debt collector contracted by CenturyLink to collect the debt, sent Plaintiff a collection letter. (*Id.*) The letter states, in relevant part:

> DISCOUNT PAYMENT OFFER
>
> Save $63.95 and resolve your account
>
> We are making another attempt to contact you regarding your overdue account. In an effort to resolve this matter we will accept $95.92, 60% of the current balance. Once you pay this discounted amount, your account will be closed and marked settled in full with Afni, Inc. and CENTURYLINK.

(*Id.*) On September 20, 2019, Plaintiff filed a class action complaint for violations of the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, asserting that the phrase "settled in full," included in the letter is contradictory and materially misleading in violation of the FDCPA. (Doc. 1.) AFNI filed its motion to dismiss for failure to state a claim on January 6, 2020. The motion is now ripe.

## II. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

## III. Discussion

Congress enacted the FDCPA in 1977 to eliminate abusive debt collection practices by debt collectors without competitively disadvantaging debt collectors who refrain from such abusive practices. *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1099 (9th Cir. 1996) (citing 15 U.S.C. § 1692(e)). Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Plaintiff contends that AFNI's use of the phrase "settled in full" within its collection letter violates the FDCPA because it is deceptive and misleading,[1] rendering Plaintiff

---

[1] Specifically, Plaintiff alleges that the term "settled in full" is internally inconsistent and materially misleading, because "settled means payment less than full" and "in full" means "paid in full." (Doc. 1.)

confused whether payment of the settlement amount would satisfy his account in entirety.

> Whether conduct violates § 1692e . . . requires an objective analysis . . . whether the least sophisticated debtor would likely be misled by a communication. In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law. The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor. The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors. At the same time, the standard preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care.

*Gonzales v. Arrow Fin. Serv., LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011) (citations and internal quotations omitted). Looking to this standard, the letter sent by AFNI to Plaintiff likely would not mislead or deceive even the least sophisticated debtor, nor did the letter misstate the character, amount, or legal status of the debt.

Plaintiff's contrary argument performs an unintuitive operation, removing the phrase "settled in full" from the context of the complete letter, and further dividing the terms "settled" and "in full" in order to manufacture confusion. However, "[a] debt collection letter's potential to mislead the least sophisticated consumer must be assessed based on the entirety of the letter and thus a court should not myopically focus on one aspect of the letter when other language in the letter dispels such potential." *Jones v. Synergetic Commc'n, Inc.*, No. CV-18-1860-BAS-RBB, 2018 WL 6062414, at *7 (S.D. Cal. Nov. 20, 2018). The Court therefore looks to the letter in its entirety.

The letter itself is titled "DISCOUNTED PAYMENT OFFER," making clear that full payment is not required to settle the account. (Doc. 13-1.) Furthermore, the body of the letter explains that AFNI would accept 60% of the current balance, $95.92, to resolve the balance. (*Id.*) Finally, the letter states, "[o]nce you pay this discounted amount, your account will be closed." (*Id.*) A consumer with a basic level of understanding and a willingness to read with care would have understood the entirety of the letter to mean that, in exchange for a payment of $95.92, AFNI and Centurylink would resolve and close the account. Any other interpretation is unreasonable. Consequently, Plaintiff fails to state a

claim on which relief can be granted.

**IT IS ORDERED** that AFNI's motion to dismiss (Doc. 13) is **GRANTED**. The Clerk is directed to terminate this case.

Dated this 20th day of February, 2020.

Douglas L. Rayes
United States District Judge